**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELIZABETH ORTEGA,<br><br>**Plaintiffs**<br><br>v.<br><br>FCA US, LLC and Does 1-100 inclusive,<br><br>**Defendant** | CASE NO. 1:18-CV-1440 AWI SAB<br><br>**ORDER *SUA SPONTE* REMANDING MATTER FOR LACK OF SUBJECT MATTER JURISDICTION** |

On October 17, 2018, Defendant removed this matter from the Stanislaus County Superior Court on the basis diversity jurisdiction. See Doc. No. 1 at 2:2-3. This case centers around a 2016 Jeep Cherokee that was purchased in 2015. See Doc. No. 1-1. The Jeep allegedly had numerous mechanical problems, which rendered the vehicle essentially undriveable/inoperable. See id. Plaintiff alleges breaches of warranty and violations of various warranty-related statutes. See id.

A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 967 (9th Cir. 2004). Thus, "subject matter jurisdiction is the touchstone for a district court's authority to remand *sua sponte*." Kenny v. Wal-Mart Stores, Inc., 881 F.3d 786, 790 (9th Cir. 2018). The removal statute (28 U.S.C. § 1441) is strictly construed against removal jurisdiction. Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010); Boggs v. Lewis, 863 F.2d 662, 663 (9th Cir. 1988). It is presumed that a

case lies outside the limited jurisdiction of the federal courts, and the burden of establishing the contrary rests upon the party asserting jurisdiction. Geographic Expeditions, 599 F.3d at 1106-07; Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009). "The strong presumption against removal jurisdiction" means that "the court resolves all ambiguity in favor of remand to state court." Hunter, 582 F.3d at 1042; Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). That is, federal jurisdiction over a removed case "must be rejected if there is any doubt as to the right of removal in the first instance." Geographic Expeditions, 599 F.3d at 1107; Gaus, 980 F.2d at 566. A defendant "seeking to remove an action may not offer mere legal conclusions; it must allege the underlying facts supporting each of the requirements for removal jurisdicion." Leite v. Crane Co., 749 F.3d 1117, 1122 (9th Cir. 2014) (citing Gaus, 980 F.2d at 567). "If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); Kenny, 881 F.3d at 789 n.2. Remand under 28 U.S.C. § 1447(c) "is mandatory, not discretionary." Bruns v. NCUA, 122 F.3d 1251, 1257 (9th Cir. 1997); see also Kenny, 881 F.3d at 789.

Federal courts exercise "diversity jurisdiction" when the amount in controversy exceeds $75,000 and the parties are in complete diversity, i.e. the citizenship of each plaintiff is different from that of each defendant. See Hunter, 582 F.3d at 1043; Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003); see also 28 U.S.C. § 1332(a). If the "complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of evidence that the amount in controversy exceeds $75,000." Kroske v. US Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005); see Matheson, 319 F.3d at 1090.

Here, there are problems with Defendant's removal.

First, although Defendant has sufficiently alleged that Plaintiff is a citizen of California, Defendant has failed to adequately allege its own citizenship. Defendant admits that it is a limited liability company. See Doc. No. 1 at 1:19-20 & ¶ 11. Defendant then alleges that it is a Delaware limited liability company that is registered in Delaware and has its principal place of business in Michigan. See id. at ¶¶ 12, 14. However, as limited liability company, Defendant's place of registration and principal place of business are irrelevant to the question of Defendant's

citizenship in the context of diversity jurisdiction. <u>NewGen, LLC v. Safe Cit, LLC</u>, 840 F.3d 606, 612 (9th Cir. 2016). For purposes of diversity jurisdiction, a limited liability company "is a citizen of every state of which its owners/members are citizens." <u>3123 SMB, LLC v. Horn</u>, 880 F.3d 461, 465 (9th Cir. 2018); <u>NewGen</u>, 840 F.3d at 612; <u>Johnson v. Columbia Props. Anchorage, LP</u>, 437 F.3d 894, 899 (9th Cir. 2006). Without allegations that demonstrate the citizenship of Defendant's members/owners, Defendant has failed to show that complete diversity exists.

Second, the Complaint is silent as to the amount of damages sought. Again, the Complaint indicates that this is a warranty related case involving an automobile that is a "lemon." Through four causes of action, Plaintiff seeks reimbursement for the cost of financing the vehicle, for owning the vehicle, and for repairing the vehicle, rescission of the purchase agreement, restitution damages, attorney's fees and costs, incidental and consequential damages, and a civil penalty. Defendant does not allege or provide any information as to how much Plaintiff paid for the Jeep Cherokee, nor does Defendant indicate how many repairs this vehicle had, or the costs of any repairs. Defendant's notice provides no factual allegations that indicate that more than $75,000 is at stake. Instead, Defendant makes only a conclusory assertion that the amount in question clearly exceeds $75,000. A review of the Kelley Blue Book website indicates that, depending on the particular model/style of Jeep Cherokee, the MSRP for a 2016 Jeep Cherokee ranged from between $24,000 to $30,000.[1] <u>See</u> https://www.kbb.com/jeep/cherokee/2016/.[2] In the absence of concrete factual allegations that address any dollar figures, and considering the range of MSRP's for the 2016 Jeep Cherokee, as well as the types of damages requested,[3] the Court concludes that Defendant has not adequately demonstrated that the amount in controversy exceeds $75,000.00. <u>See</u> <u>Kroske</u>, 432 F.3d at 980; <u>see</u> <u>Matheson</u>, 319 F.3d at 1090.

---

[1] The nature of car buying in this country involves haggling over prices, as well as special manufacturer incentives and dealership sales. As a result, the Court finds it highly unlikely that Plaintiff paid an amount equal to or greater than her vehicle's MSRP.

[2] The Court finds that the Kelley Blue Book website is a source that is not subject to reasonable dispute and thus, takes judicial notice of the information regarding the 2016 Jeep Cherokee's MSRP as reflected in that website. <u>See</u> Fed. R. Civ. P. 201; <u>Weisz v. Volkswagen Grp. of Am., Inc.</u>, 2016 U.S. Dist. LEXIS 189688, *3 (C.D. Cal. Nov. 30, 2016) (taking judicial notice of vehicle MSRP information found in the Kelley Blue Book website).

[3] The Complaint lists no dollar figures for any of the damages requested

Therefore, Defendant has not shown that the Court has diversity jurisdiction over this matter. From the Complaint and the notice of removal, there are significant uncertainties as to both Defendant's citizenship and the amount in controversy. The Court resolves those doubts against removal. Geographic Expeditions, 599 F.3d at 1107; Hunter, 582 F.3d at 1042; Gaus, 980 F.2d at 566. Because the Court's diversity jurisdiction has not been adequately invoked, this Court is without subject matter jurisdiction and must remand this case pursuant to 28 U.S.C. § 1447(c). Kenny, 881 F.3d at 789-90; Bruns, 122 F.3d at 1257; see also Boyajian v. J.C. Penny Corp., 2016 U.S. Dist. LEXIS 139396, *4 (E.D. Cal. Oct. 5, 2016) (*sua sponte* remanding case where notice of removal and complaint did not demonstrate subject matter jurisdiction); Tucker v. Lowe's Home Ctrs., LLC, 2015 U.S. Dist. LEXIS 158145 (C.D. Cal. Nov. 20, 2015) (same); Dehaan v. Shumway, 2015 U.S. Dist. LEXIS 181714 (S.D. Cal. Oct. 2, 2015) (same).

**ORDER**

Accordingly, IT IS HEREBY ORDERED that, pursuant to 28 U.S.C. § 1447(c), this case is REMANDED forthwith to the Stanislaus County Superior Court due to a lack of subject matter jurisdiction.

IT IS SO ORDERED.

Dated:   October 22, 2018                              _____
                                                      SENIOR DISTRICT JUDGE

4